IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARGOT MARIA SLUKA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>RUSHMORE LOAN MANAGEMENT<br>SERVICES, LLC,<br><br>　　　　　　Defendant. | CIV. NO. 16-00357 JMS-KSC<br><br>ORDER: (1) GRANTING<br>DEFENDANT'S MOTION TO<br>DISMISS; AND (2) GRANTING<br>PLAINTIFF LEAVE TO AMEND<br>COMPLAINT |

## ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS; AND (2) GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT

## I. INTRODUCTION

On June 29, 2016, Plaintiff Margot Maria Sluka ("Plaintiff") filed a Complaint for Declaratory Relief against Defendant Rushmore Loan Management Services, LLC ("Defendant"), seeking an order declaring that Plaintiff's mortgage loan is rescinded, and requiring Defendant to return all payments made on the mortgage loan, cease further collection actions including foreclosure, remove all reports of Plaintiff's debt obligation on the mortgage from collection agencies, and return the original promissory note.

Currently before the court are (1) Defendant's Motion to Dismiss With Prejudice Plaintiff's Complaint, or Alternatively, For a More Definite Statement ("Motion to Dismiss"), and (2) Plaintiff's Request for Leave to Amend

Complaint.  For the reasons discussed below, the court GRANTS the Motion to

Dismiss, and GRANTS Plaintiff's Request for Leave to Amend Complaint.

## II.  <u>BACKGROUND</u>

As alleged in the Complaint, on March 23, 2007, Plaintiff executed a

promissory note for $224,000 in favor of Taylor, Bean & Whitaker Mortgage

("TBWM"), which is secured by a mortgage on her home located at 75-5873

Walua Road #B-218, Kailua-Kona, Hawaii (the "subject property").  ECF No. 1,

Compl. at 2.  Sometime thereafter, Plaintiff allegedly learned that the "mortgage

loan was an undisclosed securities transaction" in which TBWM purchased the

note and mortgage for resale into a real estate mortgage backed security trust

offered by Federal Home Loan Mortgage Corporation ("Freddie Mac").  *Id.*  Upon

learning of this alleged "fraud," Plaintiff requested the return of certain documents,

"revoked all signatures on the Mortgage document," and in December 2009,

stopped making payments on the mortgage loan.  *Id.* at 3.

On June 3, 2016, Plaintiff sent Defendant notice of her intent to

rescind the mortgage loan immediately, requested the return of all monies Plaintiff

paid on the loan and tendered the subject property, pursuant to 15 U.S.C. § 1635.

ECF No. 1-1, Pl.'s Ex. 1.  Defendant allegedly failed to "return[] all monies

[Plaintiff] paid to [the mortgage loan] account . . . and take[] possession of the

property within . . . 20 days from receipt [of the notice of intent to rescind] as required by [15 U.S.C. ] § 1635(b)."   ECF No. 1-3, Pl.'s Ex. 3.

On June 29, 2016, Plaintiff filed her Complaint for Declaratory Relief. ECF No. 1.  Defendant filed the instant Motion to Dismiss on September 7, 2016. ECF No. 15.  Plaintiff filed a Response on October 3, 2016,[1] ECF No. 20, and on October 11, 2016, Defendant filed a Reply, ECF No. 22.  On October 12, 2016, Plaintiff filed a Motion for Continuance to Amend Complaint.  ECF No. 23. Defendant filed a response in opposition to a continuance on October 13, 2016, ECF No. 25, and Plaintiff filed a reply to that opposition on October 21, 2016, ECF No. 31.  On October 17, 2016, the court denied a continuance, but indicated that it would address Plaintiff's request for leave to file an amended complaint at the hearing on Defendant's Motion to Dismiss.  ECF No. 26.  These matters were heard on October 24, 2016.

///

///

///

---

[1] Attached to Plaintiff's Response is an Affidavit of Patrick F. Williams, purporting to offer expert testimony in connection with Plaintiff's mortgage documents.  ECF No. 20-4, Pl.'s Ex. 4.  Consideration of this type of evidence is not proper when reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (explaining that courts may only "consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice -- without converting the motion to dismiss into a motion for summary judgment").  Accordingly, the court strikes Plaintiff's Exhibit 4, ECF No. 20-4.

## III.  <u>STANDARDS OF REVIEW</u>

**A.     Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678

4

(citing *Twombly,* 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8.  *Iqbal*, 556 U.S. at 679.

## B.    Pro Se Pleadings

Because Plaintiff is proceeding pro se, the court liberally construes her Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam).  The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).  A court may, however, deny leave to amend where further amendment would be futile.  *See, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment").

## IV.  <u>DISCUSSION</u>

## A.    Motion to Dismiss

Plaintiff claims that Defendant violated the Truth in Lending Act ("TILA"), which is codified at 15 U.S.C. § 1601 et seq.  When a lender fails to

make the required disclosures, TILA grants borrowers the right to rescind the loan agreement by providing the creditor written notice of intent to rescind.  15 U.S.C. § 1635(a).  This right to rescind expires three years after the loan is consummated. *Id.* § 1635(f).  And "[w]ithin 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money . . . given . . . [and] the obligor shall tender the property to the creditor[.]"  *Id.* § 1635(b).  "If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it."  *Id.*

Plaintiff contends that because Defendant failed to take possession of the subject property within twenty days after receiving her notice of intent to rescind, the loan is rescinded and Plaintiff is entitled to retain the subject property without further financial obligation.  Plaintiff is mistaken.

"[Section]1635(f) is a statute of repose that represents an absolute three-year bar on rescission actions."  *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329 (9th Cir. 2012) (citing *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2003)); *see also Mohanna v. Bank of Am., N.A.*, 2016 WL 1729996, at *4 (N.D. Cal. May 2, 2016) ("A borrower's right to seek rescission under TILA is subject to a three-year statute of repose.  Any attempt to rescind more than three years after the date of the 'consummation of the transaction' is absolutely time-barred.") (quoting *Jesinoski v. Countrywide Home*

*Loans, Inc.*, 135 S. Ct. 790, 792 (2015)).  Here, there is no dispute that Plaintiff sent her notice of intent to rescind more than nine years after executing her mortgage loan, well after the expiration of any statutory right to rescind.  Thus, Plaintiff's notice of intent to rescind is a nullity, has no meaning under the statute, and does not entitle Plaintiff to an order declaring her mortgage loan rescinded.

Apparently recognizing that she is time-barred from seeking rescission, Plaintiff bases her claim on Defendant's alleged failure to fulfill its statutory obligations.  Plaintiff argues that (1) "[u]nder 15 [U.S.C.] § 1635(b), a creditor has an obligation to take possession of a property that has been tendered within 20 days after receipt of a notice of rescission from the debtors[,]" and (2) therefore, the "issue here is NOT whether [she was] <u>eligible</u> for a rescission under 15 [U.S.C.] § 1635, but rather, [that] the Defendant and/or Owner of the Note fail[ed] to take possession of the property that was tendered unconditionally." ECF No. 1, Compl. at 3.  In other words, Plaintiff claims that Defendant's failure to respond to her notice of rescission within 20 days entitles her to rescission even though the notice is time-barred.  Plaintiff is wrong for two reasons.

First, because Plaintiff's notice of intent to rescind fell outside of the three-year statute of repose, § 1635(b) places no obligation on a lender.  That is, the lender was not required to respond to the late-filed notice of rescission.  *See Lohse v. Deutsche Bank Trust Co. Americas as Trustee for Residential Accredit*

*Loans, Inc. Pass Through Certificates 2006-Q03, et al.*, 2016 WL 1322891, at *4 (E.D. Cal. Apr. 4, 2016) (rejecting plaintiff's "contention that defendants' failure to respond to their . . . rescission letter within twenty days resulted in a waiver of their right to contest plaintiff's rescission under TILA," and noting that "TILA does not impose an obligation on the lender to [take action] within twenty days where the borrower provides the notice of rescission outside the three-year statutory period.") (citations omitted).

And, second, in any event, the statute is not self-effectuating and imposes no automatic obligation on Defendant to rescind the mortgage loan. *See McOmie-Gray*, 667 F.3d at 1327; *see also Am. Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007) (holding that a borrower's "unilateral notification of cancellation does not automatically void the loan contract" under TILA); *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1172 (9th Cir. 2003) (rejecting argument that rescission is "accomplished automatically upon . . . communicat[ion of] a notice of rescission, without regard to whether the law permits [rescission] on the grounds asserted"). Construing the statute otherwise "would give TILA claimants 'the right to simply walk away with a windfall . . . without any further obligation,' a result certainly not intended by Congress." *Bradford v. HSBC Mortg. Corp.*, 838 F. Supp. 2d 424, 429 (E.D. Va. 2012) (quoting *Shelton*, 486 F.3d at 820).

For these reasons, the court finds that Plaintiff has failed to state a claim upon which relief can be granted.  Any attempt to amend her TILA claim would be futile.  Accordingly, Plaintiff's claim for declaratory and injunctive relief based on Defendant's alleged violation of § 1635(b) is DISMISSED with prejudice.

## B.    Leave to Amend

Plaintiff seeks leave to amend the Complaint "to include additional counts pertinent to the requested Declaratory Relief."  ECF No. 23, Pl.'s Mot. at 1. During the hearing, Plaintiff clarified that she seeks to amend her Complaint to allege fraud claims in connection with her mortgage loan.  Plaintiff did not specify against whom she would assert fraud claims and upon what specific facts. Nevertheless, the court cannot say at this time that such amendment would be futile.  Accordingly, Plaintiff's request for leave to amend her Complaint is GRANTED.

Plaintiff may file an amended complaint on or before November 18, 2016, and must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  The amended complaint must be designated as a "First Amended Complaint."  Plaintiff must allege specific facts showing how each defendant committed fraud, and how such fraud is directly connected to Plaintiff's

mortgage loan.  In short, Plaintiff must tie each defendant's alleged fraud to her loan -- general allegations of fraud in the mortgage marketplace will not suffice.

However, Plaintiff need not reallege her §1635(b) claim.  Because it was dismissed with prejudice, it is preserved for any future appeal.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) ("[C]laims dismissed with prejudice [need not] . . . be repled in a[n] amended complaint to preserve them for appeal.").

## V.  <u>CONCLUSION</u>

Based on the foregoing, Defendant's Motion to Dismiss is GRANTED for failure to state a claim pursuant to Rule 12(b)(6).  Specifically, Plaintiff's § 1635(b) claim is DISMISSED without leave to amend.  Plaintiff's Request for Leave to Amend Complaint to assert fraud claims is GRANTED.  Plaintiff may file an amended complaint by November 18, 2016.  Failure to file an

///

///

///

///

///

///

///

amended complaint by November 18, 2016 will result in dismissal of this action

with prejudice for failure to state a claim.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 26, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Sluka v. Rushmore Loan Management Services, LLC*, Civ. No. 16-00357 JMS-KSC, Order:
(1) Granting Defendant's Motion To Dismiss; and (2) Granting Plaintiff Leave To Amend
Complaint

11